UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES WAYNE JOHNSON                                                    PETITIONER
Reg #28185-078

V.                              NO. 2:23-CV-58-DPM-JTR

C. GARRETT,[1] Warden,                                                  RESPONDENT
FCI-Forrest City

**RECOMMENDED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Petitioner James Wayne Johnson ("Johnson") pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine. He was sentenced to 145 months' imprisonment in the Bureau of Prisons ("BOP"). *USA v. v. Beers et al,* No. 5:18-CR-13-RWS-CMC-3, *No. 119* (E.D. Tex. Aug. 26, 2019). On March 15, 2023, Johnson filed here the *pro se* § 2241 Petition for Writ of Habeas Corpus, challenging the calculation of his pre-sentence detention time credits and good conduct time credits. *Doc. 1*. Johnson is incarcerated at the

---

[1] C. Garrett is the current Warden of the Federal Correctional Institution (Medium) in Forrest City. The Court directs the Clerk to update the docket. Fed. R. Civ. P. 25(d).

Federal Correctional Institution (Medium) in Forrest City, Arkansas ("FCI-FC").  Federal Bureau of Prisons, *Find an inmate.: BOP Register Number 35519-044*, https://www.bop.gov/inmateloc/ (accessed Oct. 12, 2023).  According to the BOP website, Johnson's projected release date is September 20, 2031.  *Id.*

## II. Discussion

C. Garrett, Warden of the FCI-FC, responds that Johnson has not exhausted his administrative remedies, and he alternatively challenges Johnson's assessment of his time credits.  *Doc. 8.*  Judicial review is not available because Johnson has failed to exhaust his administrative remedies.  For the reasons that follow, the Court recommends that Johnson's Petition be dismissed without prejudice.

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citations omitted).  Federal regulations provide for administrative review of the computation of prisoners' jail-time credits, and prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16).  "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."[2] *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (emphasis in original) (quotations omitted).

---

[2] The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Pursuant to the regulations, administrative review has four tiers:  (1) informal presentation of the issue to prison staff; (2) written Request For Administrative Remedy (BP-9 form) submitted to the Warden; (3) Regional Administrative Remedy Appeal (BP-10 form) submitted to the appropriate BOP Regional Director; and (4) Appeal submitted to the General Counsel (BP-11 form). 28 C.F.R. §§ 542.13–542.15.

2

Garrett argues judicial review is not available because Johnson has not requested an administrative remedy with the BOP. He attaches to his response the declaration of Rashonda J. Smith, an associate warden's secretary at the FCI-FC. *Doc. 8-1 at 2.* Smith is also the administrative remedy clerk for the FCI-FC and the keeper of the related records. *Doc. 8-1 at 2.* Smith attests that administrative remedy submissions to BOP institutions, Regional Offices, and the Central Office are recorded and maintained in the electronic SENTRY Inmate Management System ("SENTRY"). *Doc. 8-1 at 4.* She states that any submission from an inmate, whether accepted or rejected at any level, is permanently recorded in SENTRY. *Doc. 8-1 at 4.* Smith states that Johnson has not submitted a BOP administrative remedy request or appeal since his incarceration. *Doc. 8-1 at 4.* She attaches in support a screen shot of a SENTRY webpage entitled *Administrative Remedy Generalized Retrieval*, stating there is "no remedy data" for Johnson. *Doc. 8-1 at 11.*

Johnson states that, when he was incarcerated at the Federal Correctional Institute in Beaumont, Texas, he asked a BOP supervisor for assistance in obtaining his time credits and was instructed to submit a grievance request. He says that he then submitted a "Step No. 1 Grievance Request" in November 2021, but did not receive a response. Johnson says that, because of COVID pandemic restrictions during this time period, the BOP was in chaos and prison mail was unreliable. He argues that, based on these circumstances, seeking an administrative remedy would be futile and the exhaustion requirement therefore should be excused.

Due to Johnson's failure to comply with administrative procedures, there is no administrative decision on the merits for this Court to review. The exhaustion requirement may be excused if the petitioner can show that requiring him to exhaust administrative remedies would be futile. *Frango v. Gonzales,* 437 F.3d 726, 728–29 (8th Cir. 2006). Johnson, however, has failed

3

to demonstrate the required futility. He has not stated any reason why he did not pursue an administrative remedy after the BOP lifted the pandemic restrictions. Before a federal court intervenes, Johnson should be required to give the BOP an opportunity to assess his claims and possibly resolve his concerns. Because Johnson's release date is almost eight years away, he has sufficient time to exhaust his administrative remedies.

For these reasons, the Court concludes that Johnson has failed to exhaust his administrative remedies, and that his Petition therefore should be denied and dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT: (1) Johnson's Petition for Writ of Habeas Corpus, *Doc. 1,* be DENIED; and (2) this case be DISMISSED without prejudice.

DATED this 17th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE